## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JULIO and CLAUDIA LOPEZ

      Plaintiffs,

v.                                                              Case No.

ROSENTHAL, STEIN AND ASSOCIATES,
LLC, "CHRIS SHAPIRO," and "JANE
DURANT"

      Defendants.

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, JULIO and CLAUDIA LOPEZ, by and through their undersigned counsel, sue Defendants, ROSENTHAL, STEIN AND ASSOCIATES, LLC (hereinafter referred to as "ROSENTHAL"), "CHRIS SHAPIRO," and "JANE DURANT," and allege:

### JURISDICTION AND VENUE

1. Jurisdiction and venue are proper in this Court.

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Florida Consumer Collections Practices Act, Fla. Stat. § 559.72 et seq. ("FCCPA") and out of the invasions of Plaintiffs' personal and financial privacy by Defendant, ROSENTHAL, and its agents, in their illegal efforts to collect a consumer debt from Plaintiffs, JULIO and CLAUDIA LOPEZ.

1

4. Venue is properly placed in this Court pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, Plaintiffs, JULIO and CLAUDIA LOPEZ, reside within this judicial district, and Defendants transact business within this judicial district.

## PARTIES

5. Plaintiff, JULIO LOPEZ, is a natural person, of the full age of majority, a resident and domiciliary of Plant City, Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and is a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

6. Plaintiff, CLAUDIA LOPEZ, is a natural person, of the full age of majority, a resident and domiciliary of Plant City, Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and is a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

7. Defendant, ROSENTHAL, is a Georgia limited liability company, and a collection agency, with its principal place of business in Marietta, Georgia, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Defendant "CHRIS SHAPIRO" is an agent or employee of Defendant, ROSENTHAL, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant "JANE DURANT" is an agent or employee of Defendant, ROSENTHAL, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. All conduct of Defendant, ROSENTHAL, alleged by Plaintiffs was authorized and/or ratified by one or more officers, directors, or managers of Defendant and Defendant was likely to conduct itself and allowed it to so act with conscious disregard of the rights and safety of others.  The conduct alleged herein was despicable, oppressive, and done knowingly with intent, with malice, and without cause.

11. At all times mentioned herein, the agents and/or employees of Defendant, ROSENTHAL, acted within the course and scope of such agency or employment, and acted with the consent, permission and authorization of Defendant.  Each such entity acted as a co-actor in an enterprise to unlawfully attempt to collect a debt from Plaintiffs, JULIO and CLAUDIA LOPEZ.

## FACTUAL ALLEGATIONS

12. In or around July of 2007, Plaintiffs, JULIO and CLAUDIA LOPEZ, incurred a financial obligation with Chase that was primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

13. Sometime thereafter, the debt was consigned, placed, or otherwise transferred to Defendant, ROSENTHAL, for collection from Plaintiffs, JULIO and CLAUDIA LOPEZ.

## AUGUST 16, 2011 COLLECTION COMMUNICATION

14. On or about August 16, 2011, at 3:11 p.m., Plaintiffs, JULIO and CLAUDIA LOPEZ received a telephone call from Defendant, "CHRIS SHAPIRO," an agent or employee of Defendant, ROSENTHAL, in an attempt to collect a debt.

Plaintiffs did not answer the call, so Defendant left a voicemail message of Plaintiffs' answering machine.

15. Defendant, "CHRIS SHAPIRO," stated that he was an "agent" with Rosenthal Stein & Associates and that a Complaint had been registered against Plaintiff, JULIO LOPEZ, for final proceedings for "today."

16. Defendant, "CHRIS SHAPIRO," further stated that it was "very important" that Plaintiff speak with Defendant "today, before 6:00 today for your protection to stop legal proceedings" against Plaintiff.

17. Defendant, "CHRIS SHAPIRO," threatened that if he did not hear from Plaintiff, JULIO LOPEZ, his "file would be placed with the local authorities in [his] area for check fraud, wire fraud, and this is a class 'A' felony" in Plaintiff's state.

18. Defendant, "CHRIS SHAPIRO," provided Plaintiff with his contact information and told him that it was "imperative" that he call.

<u>AUGUST 18, 2011 COLLECTION COMMUNICATION</u>

19. On or about August 18, 2011, at 4:56 p.m., Plaintiffs, JULIO and CLAUDIA LOPEZ, received a telephone call from Defendant, "CHRIS SHAPIRO," an agent or employee of Defendant, ROSENTHAL, in an attempt to collect a debt. Plaintiffs did not answer the call, so Defendant left a voicemail message of Plaintiffs' answering machine.

20. Defendant, "CHRIS SHAPIRO," stated that he spoke to Plaintiff, JULIO LOPEZ, or someone else regarding Plaintiff's account and stated that Plaintiff needed to call back tomorrow morning regarding the account so that he could be placed in some type of payment plan.

21. Defendant, "CHRIS SHAPIRO," further stated that he did not want to send Plaintiff's file into the authorities or have him get into trouble so he is trying to work him.

AUGUST 29, 2011 COLLECTION COMMUNICATION

22. On or about August 29, 2011, at 11:03 a.m., Plaintiffs, JULIO and CLAUDIA LOPEZ, received a telephone call from Defendant, "CHRIS SHAPIRO," an agent or employee of Defendant, ROSENTHAL, in an attempt to collect a debt. Plaintiffs did not answer the call, so Defendant left a voicemail message of Plaintiffs' answering machine.

23. Defendant, "CHRIS SHAPIRO," stated that he was an investigator with Rosenthal Stein & Associates and it was very important that his call be returned that day.

SEPTEMBER 23, 2011 COLLECTION COMMUNICATION

24. On or about September 23, 2011, at 12:34 p.m., Plaintiffs, JULIO and CLAUDIA LOPEZ, received a telephone call from Defendant, "Agent Durant," an agent or employee of Defendant, ROSENTHAL, in an attempt to collect a debt. Plaintiffs did not answer the call, so Defendant left a voicemail message of Plaintiffs' answering machine.

25. "Agent Durant" stated that she had Plaintiff, "JULIO LOPEZ'S" name in their office with some allegations.

26. "Agent Durant" provided her contact information and told Plaintiff or his attorney to contact her by 3:00 "tomorrow."

## COUNT I – VIOLATION OF 15 U.S.C. § 1692 et seq.

27. All of the above-described collection communications made to Plaintiffs, JULIO and CLAUDIA LOPEZ, by Defendants were made in violation of numerous and multiple provisions of the FDCPA.

28. 15 U.S.C. § 1692d(6) provides, in pertinent part,

> **"A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section...except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity."**

29. Defendant, "CHRIS SHAPIRO," an agent or employee of "ROSENTHAL" did not identify himself as a debt collector and only identified himself as an "agent" with Rosenthal, Stein & Associates.  In addition, Defendant represented himself as someone with authority to have Plaintiff, JULIO LOPEZ, charged with a felony.

30. Defendant, "JANE DURANT," an agent or employee of "ROSENTHAL" did not identify herself as a debt collector and only identified herself as an "agent" with Rosenthal, Stein & Associates.

31. Neither Defendant, "CHRIS SHAPIRO," nor Defendant "JANE DURANT," properly identified themselves when communicating with Plaintiffs.

32. 15 U.S.C. § 1692e(1) provides,

> **"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:   The false representation or implication that the debt collector is vouched for,**

**bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof."**

33. Defendant, "CHRIS SHAPIRO" an agent or employee of Defendant, ROSENTHAL, held himself out to be someone with authority within, or an employee of, the State of Florida, or the United States, when he stated that Plaintiff's "file would be placed with the local authorities in [his] area for check fraud [and] wire fraud, [which] is a class 'A' felony" in Plaintiff's state.

34. Defendant, "JANE DURANT," an agent or employee of Defendant, ROSENTHAL, held herself out to be someone with authority within, an employee of, the State of Florida, or the United State, when she identified herself as "Agent Durant" and stated that she had "allegations" in her office regarding Plaintiff and needed Plaintiff or Plaintiff's attorney to contact her.

35. Defendants, "CHRIS SHAPIRO," and "JANE DURANT," as agents or employees of Defendant, ROSENTHAL, falsely represented themselves, in direct violation of 15 U.S.C. § 1692e(1).

36. 15 U.S.C. § 1692e(4) states,

> **"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:  The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action."**

37. Defendant, "CHRIS SHAPIRO" an agent or employee of Defendant, ROSENTHAL, represented to Plaintiffs that he was going to have Plaintiff, JULIO LOPEZ, charged with check fraud or wire fraud.

38. Defendant, "CHRIS SHAPIRO," an agent or employee of Defendant, ROSENTHAL, represented to Plaintiffs that if Plaintiff did not set up a payment plan, his file was going to be sent to authorities.

39. Plaintiffs, JULIO and CLAUDIA LOPEZ, experienced great stress, anxiety, and mental anguish, with regard to the threats made by Defendant, "CHRIS SHAPIRO," an agent or employee of Defendant, ROSENTHAL.

40. Defendant, "CHRIS SHAPIRO," an agent or employee of Defendant, ROSENTHAL, directly violated 15 U.S.C. § 1692e(4) by stating that Plaintiff, JULIO LOPEZ, would be charged with a felony and he would be turned over to the authorities if he did not pay the debt.

41. 15 U.S.C. § 1692e(5) provides,

> **"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The threat to take any action that cannot legally be taken or that is not intended to be taken."**

42. Defendant, "CHRIS SHAPIRO," an agent or employee of Defendant, ROSENTHAL, threatened that Plaintiff, JULIO LOPEZ, would be charged with wire fraud and check fraud.

43. Defendant, "CHRIS SHAPIRO," an agent or employee of Defendant, ROSENTHAL, did not have the authority to charge Plaintiff with wire fraud or check fraud and charging Plaintiff with such crimes for nonpayment of debt was not an action that could be legally taken by Defendant.

44. Defendant, "CHRIS SHAPIRO," an agent or employee of Defendant, "ROSENTHAL," violated 15 U.S.C. § 1692e(5) by threatening an action that could not legally be taken.

45. 15 U.S.C. § 1692e(7) provides,

> **"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:  The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer."**

46. Defendant, "CHRIS SHAPIRO," an agent or employee of Defendant, ROSENTHAL, advised Plaintiffs, JULIO and CLAUDIO LOPEZ, that Plaintiff, JULIO LOPEZ, needed to call him in order to stop legal proceedings for check fraud and wire fraud.

47. Defendant, "CHRIS SHAPIRO," disgraced Plaintiff, JULIO LOPEZ, when he stated that he was going to be charged with check fraud and wire fraud.

48. Defendant, "CHRIS SHAPIRO," an agent or employee of Defendant, ROSENTHAL, directly violated 15 U.S.C. § 1692e(7) when he falsely stated that Plaintiff, JULIO LOPEZ, committed a crime.

49. 15 U.S.C. § 1692e(10) states,

> **"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."**

50. Defendant, "CHRIS SHAPIRO," an agent or employee of Defendant, ROSENTHAL, falsely and deceptively represented himself when he left a

voicemail message for Plaintiffs stating he was as an "agent" and that Plaintiff, JULIO LOPEZ, needed to call in order to stop legal proceedings for check and wire fraud.

51. Defendant, "JANE DURANT," an agent or employee of Defendant, ROSENTHAL, falsely and deceptively represented herself when she left a voicemail message for Plaintiffs and identified herself as "Agent Durant" and stated that she had "allegations" regarding Plaintiff, JULIO LOPEZ, and that Plaintiff or his attorney needed to contact her.

52. Defendants, "CHRIS SHAPIRO," and "JANE DURANT," agents or employees of Defendant, ROSENTHAL, violated 15 U.S.C. § 1692e(10) by falsely and deceptively representing themselves to Plaintiffs, JULIO and CLAUDIA LOPEZ.

53. 15 U.S.C. § 1692e(11) provides,

> **"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for the purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action."**

54. The initial communication Plaintiffs, JULIO and CLAUDIA LOPEZ, had with Defendant, ROSENTHAL, with the voicemail message left by Defendant, "CHRIS SHAPIRO" on or about August 16, 2011.

55. Defendant, "CHRIS SHAPIRO," an agent or employee of Defendant, ROSENTHAL, failed to disclose to Plaintiffs, JULIO and CLAUDIA LOPEZ,

that he was attempting to collect a debt and that any information obtained would be used for that purpose.

56. Defendant, "CHRIS SHAPIRO," an agent or employee of Defendant, ROSENTHAL, violated 15 U.S.C. § 1692e(11) by failing to disclose during the initial communication with Plaintiffs, JULIO and CLAUDIA LOPEZ, that Defendant was a debt collector.

57. 15 U.S.C. § 1692f provides,

> **"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."**

58. Defendant, "CHRIS SHAPIRO," an agent or employee of Defendant, ROSENTHAL, used unfair or unconscionable means in an attempt to collect a debt by advising Plaintiffs, JULIO and CLAUDIA LOPEZ, that Plaintiff, JULIO LOPEZ, needed to contact him in order to stop legal proceedings for wire and check fraud.

59. In addition, Defendant, "CHRIS SHAPIRO," an agent or employee of Defendant, ROSENTHAL, represented to Plaintiffs that if Plaintiff, JULIO LOPEZ, did not set up a payment plan with him, his file was going to be sent to authorities.

60. That by using unfair and unconscionable means to attempt to collect a debt, Defendants, "CHRIS SHAPIRO," and "ROSENTHAL," violated 15 U.S.C. § 1692f.

WHEREFORE, Plaintiffs, JULIO and CLAUDIA LOPEZ, request judgment against Defendants, ROSENTHAL, "CHRIS SHAPIRO," and "JANE DURANT," for statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A)

and actual damages pursuant to 15 U.S.C. § 1692k(a)(1), together with interest, costs of suit, and reasonable attorney's fees.

## COUNT II – INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

61. Plaintiffs, JULIO and CLAUDIA LOPEZ, incorporate all of the paragraphs of this Complaint as though fully stated herein.

62. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **"Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."**

15 U.S.C. §1692(a) (emphasis added).

63. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purpose:

> **"It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information."**

15 U.S.C. § 6801(a) (emphasis added).

64. Defendants, ROSENTHAL, "CHRIS SHAPIRO," and "JANE DURANT," intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiffs, JULIO and

CLAUDIA LOPEZ, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiffs' privacy.

65. Defendants, ROSENTHAL, "CHRIS SHAPIRO," and "JANE DURANT," intentionally and/or negligently caused emotional harm to Plaintiffs, JULIO and CLAUDIA LOPEZ, by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiffs' right to privacy.

66. Defendants, ROSENTHAL, "CHRIS SHAPIRO," and "JANE DURANT," and its agents undertook a series of communications to the Plaintiffs' home constituting an invasion of privacy. Said communications were harassing, unreasonable, systematic and continuous in number and made in disregard for Plaintiffs' right to privacy. Said communications were made to force, coerce, harass, frighten, embarrass and/or humiliate Plaintiffs into paying a debt.

67. The said invasions by Defendant, ROSENTHAL, and its agents were intentional, willful, and malicious, and violated the Plaintiffs' privacy. Said invasions were regular, continuous and systematic, harassing, and unreasonable collection efforts and violated Plaintiffs' privacy.

68. Plaintiffs, JULIO and CLAUDIA LOPEZ, had a reasonable expectation of privacy in solitude, seclusion, private concerns or affairs, and private financial information.

69. The conduct of Defendants, ROSENTHAL, "CHRIS SHAPIRO," and "JANE DURANT," resulted in multiple intrusions and invasions of privacy by the

Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

70. As a result of such invasion of privacy by Defendant, ROSENTHAL, and its agents, Defendant and its agents have caused Plaintiffs, JULIO and CLAUDIA LOPEZ, to suffer emotional distress, embarrassment and humiliation.

WHEREFORE, Plaintiffs, JULIO and CLAUDIA LOPEZ, request judgment against Defendants, ROSENTHAL, "CHRIS SHAPIRO," and "JANE DURANT," for actual damages and any further relief that may be deemed just and proper.

## COUNT III – VIOLATION OF FLA. STAT. § 559.72(1) FOR ACTIONS THAT OCCURRED ON AUGUST 16, 2011

71. Plaintiffs, JULIO and CLAUDIA LOPEZ, incorporate the allegations of paragraphs 1 through 18 of this Complaint.

72. Florida Statute § 559.72(1) provides,

> **"In collecting consumer debts, no person shall simulate in any manner a law enforcement officer or a representative of any governmental agency."**

73. Defendant, "CHRIS SHAPIRO" an agent or employee of Defendant, ROSENTHAL, left a voicemail for Plaintiffs in which he held himself out to be a representative of a governmental agency when he stated that Plaintiff's "file would be placed with the local authorities in [his] area for check fraud [and] wire fraud, [which] is a class 'A' felony" in Plaintiff's state.

74. Defendant, "CHRIS SHAPIRO," an agent or employee of Defendant, "ROSENTHAL, directly violated Florida Statute § 559.72(1) when he falsely represented himself as a law enforcement officer or representative of the government.

WHEREFORE, Plaintiffs, JULIO and CLAUDIA LOPEZ, request judgment against Defendants, ROSENTHAL and "CHRIS SHAPIRO," for statutory damages in the amount of $1,000.00 and actual damages, together with interest, costs of suit, and reasonable attorney's fees.

## COUNT IV – VIOLATION OF FLA. STAT. § 559.72(9) FOR ACTIONS THAT OCCURRED ON AUGUST 16, 2011

75. Plaintiffs, JULIO and CLAUDIA LOPEZ, incorporate the allegations of paragraphs 1 through 18 of this Complaint.

76. Florida Statute § 559.72(9) provides,

> **"In collecting consumer debts, no person shall claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."**

77. Defendant, "CHRIS SHAPIRO," an agent or employee of Defendant, ROSENTHAL, threatened that Plaintiff, JULIO LOPEZ, would be charged with wire fraud and check fraud as a means of getting Plaintiff to make a payment on his account.

78. Defendant, "CHRIS SHAPIRO," an agent or employee of Defendant, ROSENTHAL, did not have the authority to charge Plaintiff with wire fraud or check fraud and charging Plaintiff with such crimes for nonpayment of debt was not an action that could be legally taken by Defendant.

WHEREFORE, Plaintiffs, JULIO and CLAUDIA LOPEZ, request judgment against Defendants, ROSENTHAL and "CHRIS SHAPIRO," for statutory damages in the amount of $1,000.00 and actual damages, together with interest, costs of suit, and reasonable attorney's fees.

## COUNT V – VIOLATION OF FLA. STAT. § 559.72(9) FOR ACTIONS THAT OCCURRED ON AUGUST 18, 2011

79. Plaintiffs, JULIO and CLAUDIA LOPEZ, incorporate the allegations of paragraphs 1 through 13, paragraphs 19 through 21, and paragraph 76, of this Complaint.

80. Defendant, "CHRIS SHAPIRO," an agent or employee of Defendant, ROSENTHAL, represented to Plaintiffs, JULIO and CLAUDIA LOPEZ, that if Plaintiff, JULIO LOPEZ, did not set up a payment plan, his file was going to be sent to authorities.

81. Charging Plaintiff with such crimes for nonpayment of debt was not an action that could be legally taken by Defendant.

WHEREFORE, Plaintiffs, JULIO and CLAUDIA LOPEZ, request judgment against Defendants, ROSENTHAL and "CHRIS SHAPIRO," for statutory damages in the amount of $1,000.00 and actual damages, together with interest, costs of suit, and reasonable attorney's fees.

## COUNT VI – VIOLATION OF FLA. STAT. § 559.72(1) FOR ACTIONS THAT OCCURRED ON SEPTEMBER 23, 2011

82. Plaintiffs, JULIO and CLAUDIA LOPEZ, incorporate the allegations of paragraphs 1 through 13, 24 through 26, and paragraph 72, of this Complaint.

83. Defendant, "JANE DURANT," an agent or employee of Defendant, ROSENTHAL, held herself out to be a representative of the government when she identified herself as "Agent Durant" and stated that she had "allegations" in her office regarding Plaintiff and needed Plaintiff or Plaintiff's attorney to contact her.

84. Defendant, "JANE DURANT," an agent or employee of Defendant, "ROSENTHAL, directly violated Florida Statute § 559.72(1) when she falsely represented herself as a law enforcement officer or representative of the government.

WHEREFORE, Plaintiffs, JULIO and CLAUDIA LOPEZ, request judgment against Defendants, ROSENTHAL and "JANE DURANT," for statutory damages in the amount of $1,000.00 and actual damages, together with interest, costs of suit, and reasonable attorney's fees.

## COUNT VII – VIOLATION OF FLA. STAT. § 559.72(7)

85. Plaintiffs, JULIO and CLAUDIA LOPEZ, incorporate the allegations of paragraphs 1 through 26 of this Complaint.

86. Florida Statute § 559.72(7) provides,

> **"In collecting consumer debts, no person shall willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."**

87. Defendant, ROSENTHAL, through its agents, willfully communicated with Plaintiffs, in such a manner that it amounted to the abuse, harassment, and embarrassment of Plaintiffs, JULIO and CLAUDIA LOPEZ.

88. Plaintiffs, JULIO and CLAUDIA LOPEZ, experienced extreme distress and anxiety due to Defendants' repeated contact.

89. Defendants' repeated abuse and harassment of Plaintiffs, JULIO and CLAUDIA LOPEZ, constitutes a direct violation of Florida Statute § 559.72(7).

WHEREFORE, Plaintiffs, JULIO and CLAUDIA LOPEZ, request judgment against Defendants, ROSENTHAL and "JANE DURANT," for statutory damages in the amount of $1,000.00 and actual damages, together with interest, costs of suit, and reasonable attorney's fees.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiffs, JULIO and CLAUDIA LOPEZ, demand trial by jury in this action.

Respectfully submitted this 6th day of August, 2012.

Robert M. Geller, Esquire
Fla. Bar No.:  588105
Frank T. Papa, Esquire
Fla. Bar No. 150355
Law Offices of Robert M. Geller, P.A.
807 West Azeele Street
Tampa, Florida  33606
Phone:  (813) 254-7687
Facsimile:  (813) 253-3405
E-mail:  rmgbk@verizon.net
Attorneys for Plaintiffs

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA                    )
                                    ss
COUNTY OF HILLSBOROUGH    )

      Plaintiff, JULIO LOPEZ, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
JULIO LOPEZ

Sworn to or affirmed and signed before me on July 30th, 2012, by JULIO LOPEZ.

_____
NOTARY PUBLIC – STATE OF FLORIDA

Maria Cisneros
_____
Print, type, or stamp commissioned name of notary

MARIA CISNEROS
Notary Public - State of Florida
My Comm. Expires Jan 30, 2014
Commission # DD 953916
Bonded Through National Notary Assn

✓   Personally Known

_____   Produced Identification [Type of identification produced _____ ]

## <u>VERIFICATION OF COMPLAINT AND CERTIFICATION</u>

STATE OF FLORIDA               )
                                                ss
COUNTY OF HILLSBOROUGH    )

      Plaintiff, CLAUDIA LOPEZ, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
CLAUDIA LOPEZ

Sworn to or affirmed and signed before me on July 30th, 2012, by CLAUDIA LOPEZ.

_____
NOTARY PUBLIC - STATE OF FLORIDA

**MARIA CISNEROS**
Notary Public - State of Florida
My Comm. Expires Jan 30, 2014
Commission # DD 953916
Bonded Through National Notary Assn.

Maria Cisneros
_____
Print, type, or stamp commissioned name of notary

__V__ Personally Known

_____ Produced Identification [Type of identification produced _____ ]